Totten, J.,
delivered the opinion of the court.
The case is a bill in chancery at Greeneville, against John M. Crawford and others, the object of which is to secure and enforce the proper application of a trust fund, that had been placed in the possession of John M. Crawford, and which it is alleged, he had wasted and misapplied. The bill was heard upon an order pro confesso, and decree made upon the facts and equities assumed in the bill; from which the defendant, John M. Crawford, has appealed to this court.
The questions relate to the orders and practice, which the *117 Chancellor thought it proper to make and pursue in the case, and we notice them so far only as they affect the defendant, who has appealed to this court.
The defendant having answered the bill, the plaintiff filed his replication. Afterwards, upon cause shown by affidavit, the plaintiff had leave to withdraw his replication, and file exceptions to the answer. These exceptions were severally answered by the defendant. The plaintiff, however, insisted upon his exceptions, and that they were not sufficiently answered. Upon hearing before the Chancellor, he was of opinion that the answer was sufficient, except as to the first, second and fifth exceptions, and as to these, it was ordered that the defendant make a more perfect answer. The defendant having failed to make further answer, within the time limited by the order, the bill was taken for confessed, and decree made thereon, as before stated.
In the first place, it is insisted that the court erred in making the order, giving leave to file exceptions to the answer, after the time limited for filing exceptions. The time allowed for filing exceptions to an answer, is limited and prescribed by the act of 1801, chap. 6, sec. 24, and the twenty-third rtáe of practice in chancery.
But we are not to understand that these rules, made to expedite and facilitate the preparation of suits, are so imperative and inflexible in their nature, that upon sufficient cause shown, it shall not be in the power of the Chancellor to relax them, and permit the exceptions to be filed after the time so limited. Certainly, a strong case should be made to authorize such practice. Now, in the case before us, the affidavit referred to in the order, forms no part of the record, and we can only presume, the contrary not appearing, that sufficient cause appeared to authorize' the order to be made.
In the next place, as to the question upon the answer, we are of opinion, upon a careful review of the record, that the *118 answer, as amended, though inartificial, and containing- much irrelevant matter, which however is not excepted to, is a full and sufficient answer to the bill.
If a defendant make full and perfect answer, and upon exceptions thereto, the Chancellor adjudge it insufficient, and proceed to decree upon the bill and order pro confesso, disregarding the answer, that is error, which this court will revise.
It is certainly true, that an imperfect answer, well excepted to, and adjudged imperfect, is to be regarded as no answer, and the plaintiff may proceed to a hearing on the bill for the want of an answer; or he may in a proceeding for contempt, enforce the defendant to make a full and perfect answer. In the former case, the decree made upon the face of the bill, proceeds upon the ground that an imperfect answer had been filed. Now, if in fact, that assumption be erroneous, and a full and perfect answer had been filed, it would follow that the decree so made, should be held and deemed to be erroneous. It is true, that a party in contempt will not be heard till he clear his contempt. But a decree on the face of the bill, for want of a perfect answer, is a waiver of the contempt, and the defendant is now held bound not to answer the contempt, but to the performance of the decree. Act 1801, chap. 6, sec. 20.
The decree will be reversed, and the cause remanded, with directions that the answer as amended be received, as a-full and perfect answer to the bill.